

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY S. HENRY, SR., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-324 |
| UNITED STATES OF AMERICA, THROUGH THE DEPT. OF THE NAVY | * | SECTION "N" |

### ORDER AND REASONS

Before the Court is defendant's Motion to Dismiss or, in the Alternative, to Transfer. For the following reasons, defendant's Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

On February 1, 2000, plaintiffs filed this suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Now before the Court is defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue to the District Court for the Southern District of Mississippi.

### LAW AND ANALYSIS

Defendant moves this Court to transfer this case to the Southern District of Mississippi on the ground that venue is improper in the Eastern District of Louisiana under 28 U.S.C. § 1402(b), which states: "Any civil action on a tort claim against the United States under subsection (b) of

DATE OF ENTRY FEB 24 2000

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____

section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Id. As revealed in plaintiffs' Complaint, both plaintiffs reside in Mississippi, and the alleged tort occurred at a day care center on the Navy Seabee Base in Gulfport, Mississippi. Moreover, plaintiffs have advised this Court that they do not oppose transfer of this case to the Southern District of Mississippi. Thus, this Court finds that the Southern District of Mississippi is the court of proper venue.

Accordingly,

IT IS ORDERED that defendant's Motion to Transfer Venue is hereby GRANTED, and the Court orders that this case be TRANSFERRED to the Southern District of Mississippi.

Defendant also raises the issue of whether proper service of process has been made on the Attorney General of the United States, pursuant to Fed. R. Civ. P. 4. The Federal Rules of Civil Procedure provide plaintiffs with 120 days to properly serve defendant from the date on which the Complaint was filed. See Rule 4(m). Because plaintiffs only recently filed their Complaint on February 1, 2000, at this time, the Court declines to rule on this issue, leaving it for disposition by the Mississippi Court.

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss is hereby DENIED.

New Orleans, Louisiana, this 23 day of February, 2000.

_____
EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE